IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**COY E. FISHER,**

    **Plaintiff,**

v.                                                                                                                    No. 18-cv-0646 CG/SMV

**JEFFERY L. ROBERTSON;**
**ACCC INSURANCE COMPANY;**[1]
**MS DIRECTIONAL, LLC;**
**JOHN DOES I-X; and JANE DOES I-X,**

    **Defendants.**

## ORDER REGARDING DIVERSITY JURISDICTION

THIS MATTER is before the Court on review of the First Amended Complaint [Doc. 53], filed on July 17, 2019, and on review of the Answer filed by Defendant MS Directional, LLC, [Doc. 61], on August 22, 2019. These filings fail to establish the citizenship of Defendant MS Directional, LLC, which is critical to this Court's jurisdiction.

**IT IS THEREFORE ORDERED** that no later than **September 16, 2019,** Defendant MS Directional LLC **FILE** a notice on the record listing the state(s) of citizenship of each and every one of its members. This list must include the names of each and every member and their state(s) of *citizenship*; residence is not sufficient. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Furthermore, the list must address any and all time periods relevant to the determination of diversity jurisdiction, including but not necessarily limited to the

---

[1] The original Complaint, [Doc. 1-1] at 1, filed in state court on December 27, 2017, named ACCC General as a Defendant. When ACCC removed the case to federal court, it advised in its Notice of Removal [Doc. 1] that it had been incorrectly named, and its correct name was ACCC Insurance Company. The First Amended Complaint [Doc. 53], filed on July 17, 2019, remedies the error: omitting ACCC General as a Defendant and naming ACCC Insurance Company.

date that the original complaint was filed in state court and the date that the action was removed. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.") (citing *e.g., Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776–77 (7th Cir. 1986)); 14C Wright & Miller, Federal Practice and Procedure § 3723 (Rev. 4th ed. 2019) ("[A] long line of authority supports the proposition that when diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court.").

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**