# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

COY E. FISHER,

    Plaintiff,

v.                                                                          CV No. 18-646 CG/SMV

JEFFERY L. ROBERTSON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant MS Directional, LLC's *Motion to Dismiss for Failure to Adhere to the Statute of Limitation* (the "Motion"), (Doc. 72), filed November 1, 2019; Plaintiff Coy E. Fisher's *Response to Defendant MS Directional, LLC. d/b/a MS Energy Services, LLC's Motion to Dismiss for Failure to Adhere to the Statute of Limitations* (the "Response"), (Doc. 73), filed November 14, 2019; and Defendant's *Reply in Support of It's Motion to Dismiss for Failure to Adhere to Statute of Limitations* (the "Reply"), (Doc. 77), filed November 25, 2019. In accordance with Federal Rule of Civil Procedure 73(b), all parties have consented to the Undersigned to conduct dispositive proceedings and issue a final judgment in this matter. *See* (Doc. 17); 28 U.S.C. § 636(c). Having reviewed the parties' filings and the relevant law, the Court finds the Motion is well-taken and shall be **GRANTED**.

### I.    Background

This case arises from a January 3, 2015, automobile accident. (Doc. 1-1 at 2). On the afternoon of January 3, 2015, Defendant Jeffery Robertson's vehicle collided with Richard Langley's truck. (Doc. 73 at 1). Plaintiff Coy E. Fisher was a back-seat passenger in Mr. Langley's truck and was injured as a result of the collision. (Doc. 1-1 at

2). Defendant ACCC Insurance Company insured Defendant Robertson's vehicle at the time of the accident. *Id.*

On December 27, 2017, Plaintiff filed suit in the Fifth Judicial District, Eddy County, State of New Mexico. (Doc. 1-1 at 1). Several months later, Defendant ACCC Insurance Company removed the case to the United States District Court for the District of New Mexico. (Doc. 1 at 5). Plaintiff Fisher then filed an Amended Complaint on July 17, 2019, adding Defendant MS Directional to this action. (Doc. 53). Plaintiff contends Defendant MS Directional was Defendant Robertson's employer at the time of the collision, and Defendant Robertson was acting within the course and scope of his employment when the accident occurred. *Id.* at 4.

Defendant MS Directional now moves to dismiss the claims against it, arguing Plaintiff's Amended Complaint is barred by the statute of limitations. (Doc. 72 at 2). In response, Plaintiff contends "MS Directional was or should have been aware of the accident in question," and as a result, the "relation-back" doctrine applies. (Doc. 73 at 3). In its Reply, Defendant MS Directional argues Plaintiff does not meet the required criteria to satisfy the relation-back doctrine, and the statute of limitations has already expired, precluding the addition of another Defendant. (Doc. 77 at 5). Therefore, Defendant MS Directional requests the Court dismiss it as a party from this lawsuit. *Id.* at 7.

**II.     Controlling Law**

A federal court with jurisdiction based on diversity of the parties' citizenship must apply "federal procedural law and state substantive law." *Jones v. United Parcel Service, Inc.*, 674 F.3d 1187, 1203 (10th Cir. 2012). Specifically, as a case invoking

diversity jurisdiction and alleging personal injury under New Mexico law, the present claims against MS Directional are subject to a three-year statute of limitations period. *See* NMSA 1978, § 37-1-8. When a defendant asserts a statute of limitations defense in a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff. *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1215 (D.N.M. 2010) (citing *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008)). A defendant's challenge to the proper statute of limitations period is considered a "substantive affirmative defense" for purposes of the choice of law doctrine. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 (10th Cir. 1980).

      Federal Rule of Civil Procedure 15(c) governs when amended pleadings will "relate back" to the date of the original pleading for purposes of preserving the statute of limitations. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); Fed. R. Civ. P. 15(c). Specifically, Rule 15(c) provides four criteria, all of which must be satisfied before a claim can relate back to the original pleading: (1) the claim arises out of the conduct set forth in the original pleading; (2) the added party received such notice that it will not be prejudiced in maintaining its defense; (3) the party must have known, or should have known, that but for a mistake in identifying the correct party, the action would have been brought against it; and (4) the second and third requirements were satisfied within the prescribed limitation. *Lymon*, 728 F. Supp. 2d at 1217. The United States Supreme Court has distinguished the second and third requirements, instructing lower courts to consider a plaintiff's carelessness in ascertaining the correct defendant under the second "prejudice" prong, and not the third prong which examines solely the

defendant's knowledge. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.").

**III.    Analysis**

The automobile accident that gave rise to this litigation occurred on January 3, 2015. (Doc. 1-1 at 2). As a result, the statute of limitations period expired on January 3, 2018. (Doc. 72 at 2). Plaintiff amended his Original Complaint to add Defendant MS Directional on July 17, 2019, over 18 months after the statute of limitations period had elapsed. (Doc. 53). Defendant MS Directional now seeks dismissal from this lawsuit, but Plaintiff contends his Amended Complaint relates back to his Original Complaint and his claims against Defendant MS Directional should therefore be considered timely. (Doc. 73 at 3-4).

Defendant MS Directional concedes the first element of Rule 15(c) is satisfied, that the claims in Plaintiff's Amended Complaint arise out of the same conduct alleged in Plaintiff's Original Complaint. (Doc. 72 at 3) ("[T]he amended complaint is comprised of claims arising out of the same occurrence [as the original complaint.]"). However, the parties dispute that Defendant MS Directional received notice and that it knew, or should have known, the present action would be brought against it. *See* (Doc. 72); (Doc. 73). The Court will address each of the disputed elements in turn.

First, Plaintiff must demonstrate that Defendant MS Directional "received notice of the action," to prevent it from being "prejudiced in defending [it] on the merits." *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Plaintiff does not address the notice issue or any potential

prejudice Defendant MS Directional would experience as a result of the new allegations in the Amended Complaint. Indeed, Plaintiff's only argument regarding potential prejudice to Defendant MS Directional is that it "would in no way be prejudiced by Plaintiff's amended complaint." (Doc. 73 at 3-4). Most notably, in his briefing, Plaintiff omits the portion of Rule 15(c) which states that the defendant must receive notice to avoid a prejudicial impact. *See id.* at 3 (skipping from FRCP 15(c)(1)(C)(**ii**), after omitting FRCP 15(c)(1)(C)(**i**)). Conversely, Defendant MS Directional argues it would experience prejudice, principally because more than four years have elapsed since the accident that undermines this litigation took place. (Doc. 72 at 4); *see also*, *id.* at 5 ("MS Directional is prejudiced as it did not receive even cursory notice within the time limit allowed by statute.").

Notwithstanding Plaintiff's failure to present evidence demonstrating that the second element of Rule 15(c) is satisfied, Plaintiff's argument for the applicability of the relation-back doctrine fails on the third element. Under Rule 15(c)(1)(C)(ii), Plaintiff must prove that Defendant MS Directional "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." While an employer may be aware of the possible threat of litigation if an employee has an automobile accident during his work shift, Plaintiff has failed to raise this common-sense argument or provide any factual support to his contention beyond one fragmented sentence. Specifically, Plaintiff's entire argument regarding MS Directional's purported knowledge of the litigation is that "MS Directional was or should have been aware of the accident in question." (Doc. 73 at 3-4). In response, Defendant MS Directional contends it "was not named, served, nor provided proper notice within the

5

statutory time frame." (Doc. 72 at 4). In short, Defendant MS Directional purports to have not known about the litigation and claims it has no reason why it should have known, and Plaintiff does nothing to rebut this contention.

It is Plaintiff's duty to demonstrate compliance with Rule 15's requirements and prove that the relation-back doctrine should apply. *See Lymon*, 728 F. Supp. 2d at 1222 (granting defendant's motion to dismiss because the plaintiff "failed to satisfy rule 15(c)'s requirements"). There is no evidence in Plaintiff's Original Complaint or Response that proves Defendant MS Directional either received notice, or that it reasonably should have understood that Plaintiff intended to file an amended complaint to include claims against it. *See Krupski*, 560 U.S. at 553-54 (explaining that the court must determine "what the prospective defendant reasonably should have understood about plaintiff's intent in filing the original complaint against the first defendant."). Given Plaintiff's lack of argument to the contrary, and Defendant MS Directional's unrebutted contentions, the Court is left to conclude that the second and third elements of Rule 15(c) are not satisfied.

In sum, the Court finds Plaintiff has failed to satisfy the necessary criteria to allow his Amended Complaint to relate back to the date of his Original Complaint. Absent any evidence of compliance with Rule 15(c), Plaintiff's claims against Defendant MS Directional are barred by the statute of limitations. As a result, Defendant MS Directional should be dismissed from this lawsuit.

## IV.     Conclusion

**IT IS THEREFORE ORDERED** that Defendant MS Directional, LLC's *Motion to Dismiss for Failure to Adhere to the Statute of Limitation*, (Doc. 72), shall be **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant MS Directional, LLC, shall be **DISMISSED** from this lawsuit **WITH PREJUDICE**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE